**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARIO LONG, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00281 SEP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Movant Mario Long's Motion for Evidentiary Hearing and Memorandum in Support.  Docs. [4], [6].  Long was sentenced by this Court on January 30, 2024, to 120 months imprisonment for one charge of being a felon in possession of a firearm. *See United States v. Long*, No. 4:20-CR-486 RLW (E.D. Mo.).  For the reasons set forth below, his Motion for Evidentiary Hearing will be denied without prejudice.

Long seeks to present evidence of trial counsel's ineffective assistance of counsel, the alleged violation of his Sixth Amendment rights, and prosecutorial misconduct.  Doc. [6] at 2, 6. Long also seeks an evidentiary hearing regarding alleged violation of his rights under the Speedy Trial Act.  Doc. [7] at 6.

Long's motion for an evidentiary hearing is premature.  A movant "is entitled to an evidentiary hearing [on a section 2255 motion] . . . unless 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.'"  *Witthar v. United States*, 793 F.3d 920, 922 (8th Cir. 2015) (citation omitted) (quoting 28 U.S.C. § 2255(b)).  The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

It is too early in Long's § 2255 proceeding for the Court to determine whether an evidentiary hearing is necessary, as Respondent has not yet answered the Amended Motion to Vacate, and all the pertinent files and records are not yet before the Court.  The Court has had no opportunity to assess whether the facts alleged by Long entitle him to relief.  Thus, the Court will

deny Long's motion at this time.  After receiving Respondent's brief—which is due no later than 45 days from the date of the Case Management Order issued this same date—the Court will determine whether an evidentiary hearing is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion for Evidentiary Hearing, Doc. [4], is **DENIED without prejudice**.

A Case Management Order will be issued separately in this matter.


Dated this 2nd day of July, 2025.


_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE